UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| ZACH HOLMES,<br><br>Plaintiff,<br><br>vs.<br><br>ALLISON ALBRECHT, Probation Officer,<br><br>Defendant. | 5:26-CV-05110-CBK<br><br>MEMORANDUM OPINION AND ORDER |

Plaintiff, a detainee at the Pennington County Jail, filed a *pro se* complaint along with a motion for leave to proceed *in forma pauperis* without the prepayment of the filing fee. Plaintiff has made the requisite showing under 28 U.S.C. § 1915. Plaintiff is unable to pay an initial filing fee. Under the Prison Litigation Reform Act, "if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). Plaintiff must pay the full $350 filing fee notwithstanding whether or not the matter is subsequently dismissed as frivolous after review under 28 U.S.C. § 1915(e)(2).

The Prison Litigation Reform Act requires the Court to conduct a screening pursuant to 28 U.S.C. § 1915A(b) when a prisoner seeks redress against a government employee. The Court is required to dismiss a case filed without the prepayment of filing fee if it determines that the action (1) is frivolous, malicious, or fails to state a claim on which relief may be granted, or (2) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). I am required to liberally construe plaintiff's complaint and identify any discernable cognizable claim. Solomon v. Petray, 795 F.3d 777, 787 (8th Cir. 2015).

Plaintiff claims that the Probation Officer "violated" his probation on charges that had been dismissed by the Prosecutor. The complaint was signed on August 20, 2026, was post-marked on September 4, 2026, and was filed September 9, 2026.

I take judicial notice of the records of the South Dakota Unified Judicial System available on the eCourts website. Those records show that plaintiff Zacherlee Stewart Holmes was charged in South Dakota Circuit Court, Seventh Judicial Circuit, Pennington County, case # 51CRI26-001639 with simple assault attempt to cause bodily injury on November 7, 2025. He was arrested on April 17, 2026. On April 20, 2026, an initial appearance was held and he bonded out of custody. A bond hearing was held on September 1, 2026, at which time he pleaded guilty. He is scheduled to be sentenced September 24, 2026.

He was charged in case # 51MAG26-002048 with entering or refusing to leave property after notice. He had an initial appearance on May 27, 2026, at which time he bonded out of custody. The charge was dismissed upon motion of the prosecutor on September 8, 2026.

Two protection orders against plaintiff were granted on June 15, 2026, case #s 51TPO26-000337 and 51TPO26-000338.

Plaintiff was charged on July 7, 2026, in case # 51CRI26-003043 with violation of a protection order. He bonded out of custody on July 8, 2026. A bond violation hearing was held on September 1, 2026, at which time the charge was dismissed upon motion of the prosecutor.

Plaintiff was charged on July 12, 2026, with simple assault attempt to cause bodily injury, simple assault intentionally causing bodily injury, and use or possession of drug paraphernalia, case # 51CRI26-003135. He bonded out of custody on July 14, 2026. A preliminary hearing was held on July 29, 2026, at which time the charges were dismissed upon motion of the prosecutor.

A person in custody cannot use a § 1983 action to challenge the fact or duration of his confinement. *See* Wilkinson v. Dotson, 544 U.S. 74, 78, 125 S. Ct. 1242, 1245, 161 L. Ed. 2d 253 (2005). Such matters must be asserted in the court having jurisdiction over the person or by way of a petition for habeas corpus.

The complaint is subject to summary dismissal. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

Now, therefore,

IT IS ORDERED:

1. Plaintiff's motion, Doc. 2, to proceed *in forma pauperis* without the payment of the filing fee is granted.

2. Whenever the amount in plaintiff's trust account exceeds $10.00, the institution having custody of the plaintiff is hereby directed to forward monthly payments that equal 20% of the funds credited the preceding month to the plaintiff's trust account to the U.S. District Court Clerk's office pursuant to 28 U.S.C. § 1915(b)(2), until the $350.00 filing fee is paid in full.

3. The Clerk of Court shall send a copy of this order to the appropriate official at plaintiff's institution.

4. This matter is dismissed with prejudice and without costs pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). This dismissal constitutes a first strike pursuant to 28 U.S.C. § 1915(g).

DATED this 15th day of September, 2026.

BY THE COURT:

Charles B. Kornmann

CHARLES B. KORNMANN
United States District Judge